UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANIEL NORTON,

                Petitioner,

   v.

WARDEN OF THE FEDERAL DETENTION FACILITY AT SEATAC,

                Respondent.

CASE NO. 2:24-cv-00540-JLR-DWC

ORDER TO SHOW CAUSE

      The District Court has referred this federal habeas action to United States Magistrate Judge David W. Christel. Petitioner Daniel Norton, proceeding *pro se*, initiated this action pursuant to 28 U.S.C. § 2241, purportedly challenging the execution of his federal sentence. Dkts. 1, 5. Following service of the Petition, Respondent filed a Motion to Dismiss or Transfer this action for alleged defects in the Court's habeas jurisdiction. Dkt. 11. Additionally, Petitioner filed a Motion for an Evidentiary Hearing. Dkt. 17.

      Before resolving the issues presented in the pending motions, the Court finds it necessary to address whether Petitioner has stated a claim appropriate for consideration in an action for habeas corpus relief. Accordingly, the Court directs Petitioner to file an amended petition clarifying his claim or show cause why this action should not be dismissed for failure to state a true habeas claim.

REPORT AND RECOMMENDATION - 1

## I. DISCUSSION

Upon review, it appears Petitioner's sole claim for relief is not a true habeas claim. An "action lying at the core of habeas corpus is one that goes directly to the constitutionality of the prisoner's physical confinement itself." *Preiser v. Rodriguez*, 411 U.S. 475, 503 (1973) (cleaned up). "[W]hen a state prisoner is challenging the *very fact* or *duration* of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser*, 411 U.S. at 500 (emphasis added). In contrast, a claim challenging the *conditions* of confinement or seeking relief other than release from confinement, such as monetary damages, is not a true habeas claim. *Id.* at 494 (explaining that claims seeking monetary damages do not sound in habeas); *Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003) (a petitioner fails to state a habeas claim "where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence"). In those instances, a prisoner must instead file a civil rights action. *Heck v. Humphrey*, 512 U.S. 477, 482–83 (1994). These principles similarly apply to individuals confined in federal detention facilities pursuant to federal convictions. *See Pinson v. Carvajal*, 69 F.4th 1059, 1072–73 (9th Cir. 2023), *cert. denied sub nom. Sands v. Bradley*, 144 S. Ct. 1382 (2024) (noting that a federal prisoner's claim only sounds in habeas if it "necessarily results in release").

Here, it appears Petitioner is challenging the conditions of his federal confinement, not the constitutionality of the confinement itself. In his sole claim for relief, Petitioner disputes the reasons for his placement in segregated custody—Special Housing Units ("SHU")—and asserts the alleged failure of the Bureau of Prisons ("BOP") to follow its own regulations for reviewing his placement in SHU is a violation of his procedural due process rights. Dkt. 5 at 5–6. The Court notes that there are aspects of Petitioner's claim that could conceivably impact the timing of his release (*i.e.*, the potential impact on his ability to retain or earn good-time credits while in

SHU). *Id.* Even so, a favorable disposition of this claim would not require Petitioner's release from confinement—a prerequisite for his claim to sound in habeas corpus. *See Pinson*, at 1072–73; *Ramirez*, at 859.

This point is illustrated most forcefully by the specific relief requested in the Petition: Petitioner requests a court order requiring Respondent to demonstrate whether Petitioner has received adequate process regarding his placement in SHU. Dkt. 5 at 6. If indeed Respondent has not afforded Petitioner the appropriate process, Petitioner requests that the incident reports leading to his placement in SHU be stricken from his BOP record. *Id.* Neither of these requests would automatically result in Petitioner's release from confinement. Because it appears Petitioner is attacking something other than the fact or duration of his confinement and seeking relief other than his immediate release from federal custody, he must show cause why his Petition should not be dismissed for failure to state a claim that sounds in habeas corpus.

## II.   CONCLUSION

For the stated reasons, Petitioner must file an amended petition or show cause by November 4, 2024, why his sole claim for relief should not be dismissed as not cognizable in an action for habeas corpus relief. Respondent shall not respond to Petitioner's response until further order of the Court. The Motion to Dismiss (Dkt. 11) and the Motion for an Evidentiary Hearing (Dkt. 17) are denied as moot with the right to refile if the Court determines Petitioner's claim should proceed under § 2241. If Petitioner fails to respond to this Order, the Court may recommend dismissal of this action.

Dated this 4th day of October, 2024.

David W. Christel
United States Magistrate Judge