UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANIEL NORTON,

                Petitioner,

   v.

WARDEN OF THE FEDERAL
DETENTION FACILITY AT SEATAC,

                Respondent.

CASE NO. 2:24-cv-00540-JLR-DWC

ORDER TO AMEND PETITION

The District Court has referred this federal habeas action to United States Magistrate Judge David W. Christel. Petitioner Daniel Norton, proceeding *pro se*, initiated this action pursuant to 28 U.S.C. § 2241, purportedly challenging the execution of his federal sentence. Dkts. 1, 5. On October 4, 2024, the Court ordered Petitioner to file an amended petition or show cause why his sole claim for relief should not be dismissed for failure to state a cognizable habeas claim. Dkt. 22. Currently before the Court for consideration is Petitioner's Response contending his Petition should not be dismissed. Dkt. 24.

The Court finds he has failed to show the Petition raises a cognizable habeas claim but grants Petitioner the opportunity to cure the deficiencies through filing an amended petition not later than December 30, 2024.

ORDER TO AMEND PETITION - 1

## I. BACKGROUND

Petitioner is a federal prisoner serving a 96-month sentence of federal confinement imposed in *United States v. Norton*, et al., 2:17-cr-00050-MHW-1 (E.D. Mich., judgment entered November 26, 2019). Petitioner's sole claim challenges the lack of process he has received while in custody of the Bureau of Prisons ("BOP") concerning his placement in segregated custody, or Special Housing Units ("SHU"). Dkt. 5 at 5–6. Specifically, Petitioner alleges he was placed in SHU as a consequence of two incident reports issued while he was confined at the Federal Correctional Institution, Sheridan, Oregon ("FCI Sheridan"). *Id.* Petitioner asserts the Bureau of Prisons ("BOP") is required to follow certain processes after an inmate is placed in SHU, including formal reviews and hearings concerning the reasons for SHU placement. *Id.*; *see also* Dkt. 24. Despite the requirement to provide these procedural protections, Petitioner asserts the BOP has not reviewed the reasons for his SHU placement or provided Petitioner a hearing. Dkt. 5 at 5–6.

Petitioner requests an injunction requiring Respondent to produce documents demonstrating Petitioner was provided the appropriate process for his SHU placement. *Id.* at 6. He further requests the incident reports that allegedly led to his SHU placement be "stricken" and "expunged" from his record. *Id.*

### A. Procedural Background

At the time Petitioner initiated this action, he was confined at the Federal Detention Center at SeaTac, Washington ("FDC SeaTac"). Dkts. 1-1, 12, 12-1. Shortly after initiating this action, Petitioner was moved to an in-transit facility and arrived at his current place of confinement—Federal Correctional Institutional Victorville Medium II located in Victorville, California ("FCI Victorville")—on May 14, 2024. Dkts. 12, 12-1.

ORDER TO AMEND PETITION - 2

On May 28, 2024, the Court ordered service of the Petition and directed Respondent Howard C. Baron[1] to file a Return addressing, among other things, (1) whether the Court has jurisdiction over this action and (2) whether 28 U.S.C § 2241 is the appropriate mechanism for Petitioner to bring his claim. Dkt. 6 at 2. On June 26, 2024, Respondent filed a Motion to Dismiss addressing the jurisdictional issue, but Respondent did not address the viability of Petitioner's claim in an action for federal habeas relief. Dkt. 11.

On July 29, 2024, Petitioner filed a notice of change of address to FCI Victorville. Dkt. 13. Petitioner also informed the Court he had not received anything Respondent may have filed in response to the Court's May 28, 2024 Service Order. *Id.* Thus, on August 6, 2024, the Court provided Petitioner with copies of Respondent's filings and extended Petitioner's deadline to respond to the Motion to Dismiss until September 3, 2024. Dkt. 14. Petitioner responded to the Motion to Dismiss on August 19, 2024, and filed a Motion for an Evidentiary Hearing on August 20, 2024. Dkts. 16, 17. The deadline for Respondent to file a reply in support of his Motion to Dismiss expired on September 10, 2024, with no reply filed.

On October 4, 2024, the Court reviewed the record and concluded it would not address the issues presented in the parties' Motions unless and until it determined Petitioner's sole claim for relief was cognizable in habeas. Dkt. 22 at 2–3. The Court ordered Petitioner to file an amended petition or show cause by November 4, 2024, why his sole claim for relief should not be dismissed as not cognizable in habeas. *Id.* Petitioner filed his Response on October 31, 2024. Dkt. 24. Petitioner has not filed an amended petition. *See docket*.

---

[1] Petitioner initially named "R. Caternolo" as Respondent. Dkt. 1-1 As the proper respondent for a habeas petition is a petitioner's immediate custodian, the Court substituted the previous FDC SeaTac Warden Howard C. Baron as Respondent when it ordered service of the Petition. Dkt. 6.

ORDER TO AMEND PETITION - 3

## II.  LEGAL STANDARD

An "action lying at the core of habeas corpus is one that goes directly to the constitutionality of the prisoner's physical confinement itself." *Preiser v. Rodriguez*, 411 U.S. 475, 503 (1973) (cleaned up). "[W]hen a state prisoner is challenging the *very fact* or *duration* of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser*, 411 U.S. at 500 (emphasis added). In contrast, a claim challenging the *conditions* of confinement or seeking relief other than release from confinement, such as monetary damages, is not a cognizable habeas claim. *Id.* at 494 (explaining that claims seeking monetary damages are cognizable in habeas); *Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003) (a petitioner fails to state a habeas claim "where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence"). In those instances, a prisoner must instead file a civil rights action. *Heck v. Humphrey*, 512 U.S. 477, 482–83 (1994). These principles similarly apply to individuals confined in federal detention facilities pursuant to federal convictions. *See Pinson v. Carvajal*, 69 F.4th 1059, 1072–73 (9th Cir. 2023).

## III.  DISCUSSION

Petitioner raises two arguments in his Response. Dkt. 24. Neither argument adequately addresses the deficiencies in the Petition, but Petitioner's second argument suggests he may be able to cure his deficiencies through filing an amended petition.

First, Petitioner reasserts a prior argument that he has been denied procedural protections with respect to his placement in SHU. Dkt. 24 at 2. This does not alter the Court's finding that Petitioner failed to show the allegations about his SHU placement had any impact on the fact or duration of his federal confinement. *See* Dkt. 22 at 2–3.

ORDER TO AMEND PETITION - 4

      Petitioner's second argument concerns the two incident reports that allegedly led to his SHU placement. Dkt. 24 at 2. Specifically, Petitioner states the infractions recorded in those incident reports "carry a penalty of loss of good time credit (41 days each)." *Id.* He further states that the process for adjudicating incident reports is outlined in BOP regulations and asserts that "a finding of guilty effects the Petitioner's release date." *Id.* The Court construes this as an argument that Petitioner was denied sufficient process with respect to the adjudication of his incident reports, which caused him to lose good time credits and, by extension, impacted the timing of his release from federal confinement. However, Petitioner does not allege sufficient facts in his Petition to support such a claim. Instead, Petitioner's factual allegations concern only whether he received sufficient process for his SHU placement. Because Petitioner's Response does not adequately address the deficiencies in the Petition, the Court finds he has failed to satisfy the requirements of the October 4, 2024 show cause order. Dkt. 22.

      Accordingly, the Court finds Petitioner has not shown his Petition raises a claim that is cognizable in habeas but concludes Petitioner should be granted the opportunity to cure the deficiencies through filing an amended petition.

## IV.  CONCLUSON

For the stated reasons, Petitioner is directed to file an amended petition by December 30, 2024. Respondent shall not respond to or move to dismiss the amended petition unless directed to do so by the Court. If Petitioner fails to file an amended petition by the stated deadline, the Court will recommend this action be dismissed for failure to properly prosecute, failure to comply with a court order, and failure to state a cognizable habeas claim.

ORDER TO AMEND PETITION - 5

The Clerk of Court is directed to send Petitioner the appropriate forms for filing a § 2241 habeas petition along with a copy of this Order.

Dated this 27th day of November, 2024.

David W. Christel
United States Magistrate Judge